190 So.2d 538

**Alvin J. MYERS**

v.

**STATE of Alabama.**

**I Div. 386.**

Supreme Court of Alabama.

Sept. 22, 1966.

Alvin J. Myers, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

MERRILL, Justice.

This is an appeal from the denial of a petition for writ of error coram nobis filed August 16, 1965, after a plea of guilty had been entered and an agreed sentence of life imprisonment had been imposed in January, 1965. There is no merit in this appeal and the judgment of the circuit court denying the petition is due to be affirmed.

The petitioner was indicted for killing two women within a few moments of each other and the indictment in each case charged murder in the first degree. He

was represented by experienced counsel, who worked out an agreement with the District Attorney that the defendant would plead guilty to murder in the second degree in each case and receive sentences of life imprisonment to run concurrently. A trial date was set, the court was informed by defendant and his counsel that he wished to change his plea from not guilty to guilty, the nature of the hearing was explained to the jury, evidence submitted, the State proved prima facie cases, the jury charged, and sentence imposed.

The sworn petition for writ of error coram nobis charged that he was innocent, that he was denied the right to arraignment, that his attorney did not adequately represent him, that he was not competent at the time the alleged offense occurred, that his conviction rested entirely on a confession illegally obtained, and that he "did not waive nor authorize his lawyer, who injected himself into defendant's case, to waive any of his legal and constitutional rights."

At the hearing on the petition, the uncontroverted evidence was that the defendant shot and killed the two women with his own gun because they had been arguing, put his gun under the body of one of the women, told several people that he had two dead women on his hands, finally called the sheriff's office and told them where the bodies were, accompanied the officers to the house where the bodies were and later made and signed a voluntary confession.

The undisputed evidence was that he and his counsel waived arraignment and pleaded not guilty, that he was adequately represented, and that he was competent. His conviction did not rest entirely on the confession and there was no evidence that the confession was not voluntary.

The evidence was without conflict that counsel for accused had been employed by defendant's kin, that counsel had represented defendant in another matter prior to this, and defendant had seemed pleased that counsel was representing him.

At the conclusion of the petitioner's evidence, his counsel announced that he had asked petitioner if he wished to take the stand and "he has advised me that he does not." The court stated that petitioner was not "the defendant Myers" but petitioner Myers, and made the following statement:

"THE COURT: The burden is on you, Myers. You have come into a Court of Law and have filed some statements against an attorney who has come down here and treated you with affection and devotion, an attorney who come January will have rounded out fifty years of distinguished service representing downtrodden people of this community. You can no longer say, 'I would rather not state.' If you have got any explanation, or if you wish to come up with any proof of those scandalous allegations that you've made in that Petition, now is your time. Do you wish to say anything?

"PETITIONER MYERS: No, sir.

"THE COURT: All right, you have no proof whatsoever of your Petition. I will take the Petition under advisement; I will ask the Sheriff to return from whence you came, and I will rule on your Petition in the near future."

This is one more example of the totally false and unmeritorious allegations that our courts are faced with in most coram nobis proceedings. A few indictments and convictions for perjury might reduce the volume of the filing of wholly false and unwarranted petitions.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.